Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

JS-6

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 50483 | DATE | 12/30/2004 |
| CASE TITLE | United States vs. Vermie | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated on the reverse memorandum opinion and order, the court dismisses the § 2255 motion and dismisses this cause in its entirety. All other pending motions are denied as moot.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | 1-3-05 | 6 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 1-3-05 | |
| LC | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Bradley Vermie, a federal prisoner, filed a motion pursuant to 28 U.S.C. § 2255, raising several claims of ineffective assistance of counsel related to his guilty plea and sentence.

A waiver of the right to seek relief pursuant to § 2255 in a written plea agreement is valid and enforceable absent a claim that the waiver was not knowing and voluntary or that counsel was ineffective in connection with the negotiation of the waiver itself. Mason v. United States, 211 F. 3d 1065, 1068 (7th Cir. 2000).

Here, Vermie's written plea agreement contains an express waiver of his right to file a § 2255 motion challenging his "conviction and the resulting sentence." All of the issues he seeks to raise fall squarely within the waiver language of his plea agreement. Moreover, Vermie does not raise any issue that his counsel was ineffective in any way as to the negotiation of the waiver or that the waiver was not knowing or voluntary. Furthermore, Vermie's plea agreement, which contained this waiver, was pursuant, in part, to Rule 11(c)(1). At sentencing, this court declined to accept the imprisonment portion of the agreement and advised Vermie he could withdraw his guilty plea. Subsequently, Vermie decided not to withdraw his guilty plea, and a joint motion to amend the plea agreement only as to the length of the prison sentence was presented to and accepted by the court. Therefore, he is barred from challenging either his conviction or sentence under § 2255.

For the foregoing reasons, the court dismisses the § 2255 motion in its entirety.